UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALD P. WEBRE, ET AL                    CIVIL ACTION

VERSUS                                    NO: 06-8116

ALLSTATE INSURANCE COMPANY,               SECTION: J(1)
ET AL

## ORDER AND REASONS

Before the Court is Defendant Claude A. Cutitto's **Motion for Summary Judgment (Rec. Doc. 29)**.  This motion, which is opposed, was set for hearing on January 30, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Cutitto's motion should be granted.

## <u>Background Facts</u>

This matter arises out of damages sustained due to Hurricane Katrina.  Plaintiffs sued both Allstate Insurance Company ("Allstate") and Claude Cutitto ("Cutitto"), their local insurance agent, in state court.  Cutitto sold Plaintiffs the homeowner's insurance policy at issue which provided coverage to their home and was in effect at the time of Hurricane Katrina.

Soon thereafter, Allstate removed the matter pursuant to this Court's diversity jurisdiction, arguing that Cutitto was improperly or fraudulently joined in an effort to defeat diversity jurisdiction.

Plaintiffs allege that they believed they had enough homeowner's insurance to provide coverage for the total destruction of their property, which they purportedly did not. They further allege that Cutitto failed to advise them that they should have purchased higher coverage limits for their property and that Cutitto is liable to them for failing to advise of the availability of higher insurance limits.

<u>**The Parties' Arguments**</u>

Cutitto argues that Plaintiffs fail to state a claim against Cutitto, and even if they do state such a claim, it is perempted.

**A.   Failure to State a Cause of Action**

Cutitto argues that Plaintiffs fail to state a claim against Cutitto.  According to Cutitto, Louisiana law does not impose a duty on an insurance agent to advise an insured as to appropriate coverage amounts.  Furthermore, Cutitto states that Plaintiffs do not allege that he failed to procure insurance coverage that Plaintiffs specifically requested.

In opposition, Plaintiffs allege that Cutitto did fail to properly obtain the amount of insurance coverage requested. According to Plaintiffs, they asked to maintain the "highest

2

levels of coverage available" and were allegedly assured by Cutitto that this had been done.[1]

**B.   Peremption**

Cutitto also argues that since Plaintiffs' claims against him are based on his alleged failure to properly evaluate and place appropriate insurance coverage, such claims are perempted as a matter of law pursuant to La. R.S. 9:5606.  In the instant case, Plaintiffs procured the Allstate policy through Cutitto on June 13, 1974.  According to Cutitto, Plaintiffs have continuously renewed the policy without any major changes (with the exception of policy limit increases in 1985 and 2006), and have not sought Cutitto's advice regarding the policy limits since the inception date of the policy.[2]  However, Plaintiffs did not file the instant suit until August 28, 2006, over thirty years after the initial procurement of the policy, which Cutitto argues is when the peremptive period in La. R.S. 9:5606 began to run.

---

[1]  Plaintiffs state that they specifically spoke with Cutitto in 2004, during which Plaintiffs requested specifically that Cutitto reassess and assure them that they had the highest levels of insurance an all their policies of insurance, including their homeowners' policy.  Plaintiffs' actual homeowners' coverage amount was $316,000, although they later discovered that $416,000 in coverage was available.

[2] Furthermore, according to Cutitto, Plaintiffs have not alleged that Cutitto committed any negligent act within the peremptive period of La. R.S. 9:5606.  As such, the sole allegation against Cutitto is that he sold them the Allstate policy at issue, which occurred on June 13, 1974.

In opposition, Plaintiffs argue they asked to maintain the highest levels of coverage available, and were allegedly assured by Cutitto that this had been done.  Furthermore, only after Hurricane Katrina did they learn that a higher coverage amount was available, and suit was filed within one year of this discovery.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986).

To state a cause of action for breach of a procuring insurance agent's fiduciary duty, a plaintiff must show: (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly

4

insured.  <u>Offshore Prod. Contractors, v. Republic Underwriters Ins. Co.</u>, 910 F.2d 224, 229 (5th Cir. 1990) (citing <u>Karam v. St. Paul Fire & Marine Ins. Co.</u>, 281 So. 2d 728, 730-731 (La. 1973)).  However, an insurance agent is not required "to spontaneously identify a client's needs and advise him as to whether he is under insured or carries the right type of coverage."  <u>Dobson v. Allstate Ins. Co.</u>, 2006 WL 2078423, *10 (E.D. La. July 21, 2006).

While Plaintiffs do allege that they asked to maintain the "highest levels of coverage available," it is undisputed that they did not ask for a specific coverage amount.  As was the case in <u>Parker v. Lexington Ins. Co.</u>, "Plaintiffs were in a far better position than [the agent] to know that their property was worth more than the coverage limits they selected . . . . Thus, what Plaintiffs are in fact claiming is that Louisiana law required [the agent] to procure an independent appraisal of their property prior to allowing them to renew their policy.  Louisiana law imposes no such duty."  No. 06-4156, 2006 WL 3328041, at *4 (E.D. La. Nov. 15, 2006).

As such, this Court determines that Plaintiffs have failed to state a claim against Cutitto.  Furthermore, no genuine issues of material fact exists which would preclude summary judgment in favor of Cutitto in this matter.  Accordingly,

**IT IS ORDERED** that Cutitto's **Motion for Summary Judgment (Rec. Doc. 29)** is hereby **GRANTED.**

New Orleans, Louisiana, this 28th day of May, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE